## JULIA A. PERKINS *vs.* FRANCIS HERSEY.

A promise of marriage may be proved, either by persons who heard it, or by facts and circumstances from which it may be inferred. The ordinary politeness and civility which a gentleman extends to a lady, are not to be considered as furnishing any proof of such a promise; but if the intercourse between the parties is such as is usual with persons engaged to be married, and such as is unusual with persons between whom there exists no such relation, it is competent to pass to the jury as evidence which may or may not, as they may determine, suffice to prove a promise of marriage.

The amount of damages for a breach of promise of marriage, should not be affected by the fact that the plaintiff was seduced by the defendant,— a more appropriate remedy for this injury being afforded by statute.

ASSUMPSIT for a breach of promise of marriage. Plea, non assumpsit. There was no express promise of marriage. proved. Evidence was given that the defendant had been much in the society of the plaintiff, visiting her frequently, walking with her alone, and taking her to ride ; that, during a sickness of the plaintiff, the defendant had shown a deep interest in her, and had brought her sister, who resided at a distance, to take care of her ; that he had stayed at her father's house at one time for several days, and had continued his attentions to her for nearly two years. The plaintiff then gave birth to a child, alleged to be the child of the defendant, and the defendant discontinued the intimacy.

TILLINGHAST & BRADLEY, for the plaintiff.

HAZARD & JENCKES, for the defendant.

Julia A. Perkins *vs.* Francis Hersey.

GREENE, Chief Justice, charged the Jury.

The plaintiff sets forth in her declaration, mutual promises of marriage made by the plaintiff on the one hand, and the defendant on the other, and broken by the defendant, and asks damages for the breach of promise. The plaintiff must first prove the contract on which the action is founded, that is, a promise of marriage made by the defendant and accepted by the plaintiff. A contract may be proved either by witnesses who heard it made, or by facts and circumstances from which it may be inferred. It is evident that a contract like the present can generally be proved only in the latter mode. It is made in mutual confidence, in private, in the absence of witnesses. There are some differences of opinion in the Courts in regard to the kind of facts which are admissible to prove this promise ; but there is no doubt that it may be inferred from circumstances. What then are the circumstances ? The ordinary politeness and civility, which a gentleman extends to a lady, are not to be considered as furnishing any proof of such a promise. The safest rule we can lay down is this. If you find that the attentions which the defendant paid the plaintiff, and the intercourse between them, were such as are usual with persons engaged to be married ; and such as are unusual with persons between whom there exists no· such relation, they are competent for you to consider as evidence which may or may not, as you may determine, suffice to prove a promise of marriage. It is not necessary for you to consider that there was an express promise made and accepted in terms, but if his conduct was such as to induce her to believe that he intended to marry her, and she acted upon that belief, the defendant permitting her to go on trusting that he would carry the intention into

Julia A. Perkins *vs.* Francis Hersey.

effect, that will raise a promise upon which she may re-
cover. But this must be shown by facts and circum-
stances, and you cannot consider the understanding of
the friends of the parties as to the relation between them.
If you think there was a promise, you will next have to
consider the damages for the breach of it. The promise
is as binding as any other; but the damage by breach of
it is from its nature not susceptible of pecuniary meas-
urement. If a man promises to pay a sum of money and
fails, the damages are the sum promised with interest
thereon from the date of the breach of contract. But
the damages here do not rest on any thing of a pecuniary
nature. The amount, therefore, lies very much in your
discretion. You will consider the injury done to the
plaintiff's feelings—her prospects, her reputation, and her
social position, and will give her just such damages as a
girl like her, treated as she has been, ought to receive.
You will consider what would have been her standing
had the defendant married her, and what is her situation
now that he refuses. The fact that the plaintiff was se-
duced you will not consider in this connection. We
have a statute which affords the plaintiff a remedy for
the injury thus done to her, in a more appropriate form.

Verdict for the plaintiff for $3000.